JOSEFA DE GARCÍA, Plaintiff and Appellant, v. FIGUEROA & GAUTIER, AUGUSTO GAUTIER MANDRY and the GREAT AMERICAN INDEMNITY COMPANY, Defendants and Appellees.

No. 7343. Argued December 10, 1937.—Decided March 29, 1938.

*H. Torres Solá* for appellant. *J. Valldejuli Rodríguez* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff and appellant, Josefa de García, brought a tort action in the District Court of San Juan, against the firm of Figueroa & Gautier, Augusto Gautier Mandry and the Great American Indemnity Co., to recover the damages resulting from an accident. She alleged that she was injured by an automobile belonging to Figueroa & Gautier while the

same was being negligently driven by one of the partners, Augusto Gautier Mandry. The Great American Indemnity Co. was joined as the insurer of the firm Figueroa & Gautier. After a trial, the lower court dismissed the complaint without costs.

A careful reading of the transcript of the evidence has convinced us that the facts found by the trial court with regard to the manner in which the accident occurred are supported by the preponderance of the evidence. The court found that on the day of the accident, Josefa de García was about to cross Ponce de León Avenue from north to south at a point more or less in front of the Capitol Building; that she came out on the street from the front of an automobile which was parked on the same side of the avenue looking towards San Juan; that the defendant, Augusto Gautier, was driving a car in the direction of San Juan, well to his right and at a slow rate of speed; that at the very moment in which the defendant's car was travelling past the parked vehicle, the plaintiff stepped out and in front of defendant making it absolutely impossible for him to stop in time to avoid striking her, but that he realized the moment when the front right wheel ran over the plaintiff and then stopped the car; that defendant then took plaintiff to the nearest hospital and had her attended to by a doctor.

The lower court absolved the defendant of any negligence and intimated that whatever negligence existed should be charged against the plaintiff herself.

Appellant assigns three errors with regard to the analysis of the evidence and the final decision of the court. The case, in our opinion, does not merit a discussion of any portion of the transcript of the evidence, inasmuch as we feel that there is no real basis on which to alter the judge's findings of fact. None of the errors assigned were committed. We agree with the lower court's statement, as follows:

"The evidence as a whole shows that this was an unfortunate accident, for which the defendant are not responsible, and, therefore, the proper judgment is one dismissing the complaint without costs."

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.